**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| 3M COMPANY, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:20-cv-00697-LY |
| NEXUS MEDICAL LLC, § | |
| VINASIA CHE TAO LLC, and § | |
| DOES 1-10 § | |
| § | |
| Defendants. | |

**[PROPOSED] ORDER ON 3M COMPANY'S APPLICATION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND MOTION FOR EXPEDITED DISCOVERY**

This matter came before the Court on Plaintiff 3M Company's ("3M") Motion for Temporary Restraining Order, Preliminary Injunction and Motion for Expedited Discovery.

3M has filed the declarations of William Gordon Childs, David A. Crist, Charles Stobbie and Michael W. O'Donnell that set forth specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to 3M before the adverse party can be heard in opposition and 3M's attorneys have certified in writing efforts made to give notice and the reasons why it should not be required. As such, the conditions for entering a restraining order on an *ex parte* basis are present.

Specifically, the Court finds that Defendants continued use of 3M's name and the standard character "3M" mark and 3M design mark **3M** (the "3M Trademarks") in efforts to sell products, including 3M brand N95 respirators that Defendants are not authorized to sell, would result in immediate and irreparable harm to 3M's brand and business reputation. The Court finds

that Defendants are likely to prevail on the merits of their claims. The issuance of a restraining order is further necessary to protect the public, and in particular health care workers and first responders, and the restraining order will not unduly burden the Defendants who are not authorized to use the 3M Trademarks or sell 3M products, including 3M N95 respirators.

3M has further shown good cause justifying an order allowing limited, expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). Therefore, the Court finds that Plaintiff's Motion for Expedited Discovery should be granted. Based on the arguments of counsel and all of the files, records, and proceedings herein, the Court hereby **ORDERS** as follows:

1. Sufficient reason having been shown, IT IS THEREFORE ORDERED, for a period beginning on the date of this Order and ending at the conclusion of the 14th day thereafter, that Defendants, its agents, servants, employees, officers and all persons and entities in active concert and participation with it, are hereby temporarily restrained, pursuant Fed. R. Civ. P. 65(b), from engaging in any of the acts and/or conduct described in Paragraphs 1(a) and 1(b) of this Order.

   a. Defendants, their agents, servants, employees, officers and all persons and entities in active concert and participation with them, are enjoined during the pendency of this action, from using the 3M Trademarks and any other word, name, symbol, device, or combination thereof that is confusingly similar to the 3M Marks, for, on, and/or in connection with the manufacture, distribution, advertising, promoting, offering for sale, and/or sale of any goods or services, including, without limitation, Plaintiff's 3M-brand N95 respirators, and;

   b. Defendants, their agents, servants, employees, officers and all persons and

entities in active concert and participation with it, are enjoined, during the pendency of this action, from engaging in any false, misleading, and/or deceptive conduct in connection with 3M and its products, including, without limitation, representing itself as being an authorized distributor, vendor, agent, representative, retailer, and/or licensee of 3M and/or any of 3M's products (including, without limitation, 3M-brand N95 respirators); falsely representing to have an association or affiliation with, sponsorship by, and/or connection with, 3M and/or any of 3M's products; and falsely representing that 3M has increased the price(s) of its 3M-brand N95 respirators.

2. IT IS FURTHER ORDERED, pursuant to this Court's equitable powers and discretion, that 3M need not post a bond.

3. IT IS FURTHER ORDERED, that Defendants shall appear before the Honorable Lee Yeakel, District Judge, United States District Court for the Western District of Texas, on _____, 2020 at \_\_\_\_\_ am/pm by telephone at a dial-in number to be provided to show cause (the "Show Cause Order") as to why the Court should not enter an Order granting a preliminary injunction pursuant to Fed. R. Civ. P. 65 (a) of all acts described in paragraphs 1(a) and 1(b) of this Order. Defendants shall file an Opposition, if any, to the Show Cause Order on or before _____, 2020. Defendants are forewarned that failure to timely file an Opposition waives the right to be heard at the hearing and the Court may enter an order based upon the papers on file. *See* Local Court Rules, Western District of Texas CV-7.

4. IT IS FURTHER ORDERED that 3M's Motion for Expedited Discovery is GRANTED;

5. IT IS FURTHER ORDERED that 3M is permitted to immediately begin

discovery without the need to first conduct a Fed. R. Civ. P. 26(f) conference, including discovery from non-parties in accordance with the Federal Rules of Civil Procedure, and that the discovery requests attached to Plaintiff's Motion for Expedited Discovery are deemed served;

6.  IT IS FURTHER ORDERED that Defendants and their counsel are directed to immediately sequester, preserve any flash drives, CDs, removable media, or other storage devices containing copies of any documents, files, data, or other information that that in any way references and concerns 3M or the 3M Trademarks for production under the terms of this Order.

7.  IT IS FURTHER ORDERED that Defendants are directed to respond to the Requests for Production attached to Plaintiff's Motion for Expedited Discovery (and listed below) within ten (10) days of entry of this Order, or within such time agreed to by the parties. The requests seek:

- Each written communication (including email and text messages) among the Defendants that attaches or makes any reference to any of the Thompson & Knight LLP letters attached to the Complaint as Exhibits 8, 9, 10, 13 and 14.

- Each written communication (including email and text messages) between either Defendant and any third-party that attaches or makes any reference to any of the Thompson & Knight LLP letters attached to the Complaint as Exhibits 8, 9, 10, 13 and 14.

- Defendants' documents concerning whether an attorney-client relationship exists, or has existed, between either Defendant, or either Defendants' principals, owners, officers or employees, and Thompson & Knight LLP.

- Each written communication (including email and text messages) between either Defendant and Thompson & Knight LLP concerning the preparation or use of the Thompson & Knight LLP letters attached to the Complaint as Exhibits 8, 9, 10, 13 and 14.

- Each written communication (including email and text messages) between either Defendant and any third-party concerning the purchase sale or other disposition of 3M products, including N95 respirators.

- Defendants' written communications (including email and test messages) with Shlomot Medical Services, Ltd., Mark J. Nussbaum & Associates, PLLC, Instadose Pharma Ltd. and/or Phoenix Endoscopy Products, LLC concerning the sale, purchase or offer of 3M's products including the N95 respirator mask.

- Each document wherein either Defendant, separately or in combination, identify themselves as a 3M authorized distributor, or a 3M authorized sub-distributor.

- Each document wherein Defendants have represented to have an association or contractual relationship with 3M.

- Each written communication (including email and text messages) amongst Defendants concerning the sale, purchase, or offer of 3M's products including the N95 respirator mask.

- Each document that in any evidence any prior dealings or transactions between either Defendant and 3M.

- Each document concerning any deposit or escrow of any funds with any intermediary or institution, including Chicago Title, Marc Hesse, Hesse and

- 5 -

        Hesse, Plains Capital Bank, Thompson & Knight LLP, or the Temple Law Firm, in any way related to 3M products.

- All documents in which Defendants have used, in any manner, the 3M name or 3M Trademarks including all documents in Defendants possession that contain the 3M name or 3MTrademarks.

- Documents sufficient to identify any party with which Defendants communicated concerning the sale, purchase, or offer of 3M's products including the N95 respirator mask.

- Each purchase order, or any document concerning a purchase order, for 3M Products including 3M N95 respirators.

- Documents sufficient to identify all individuals or entities who have been involved with the operations of Nexus Medical and VinAsia.

8. IT IS FURTHER ORDERED that Defendants shall present for deposition within three (3) days after responding to the foregoing Requests for Production, but in no event later than three (3) days following the entry of this Order, said deposition is to occur at any location agreed by the parties.

9. IT IS FURTHER ORDERED that 3M and/or its authorized representative(s) must serve a copy of this Order on Defendants Nexus Medical LLC and VinAsia Che Tao LLC. The foregoing shall constitute proper service and notice of this Order.

- 7 -

10. This Court shall retain jurisdiction to hear and determine all matters arising out of, relating to, and/or otherwise concerning the interpretation and/or enforcement of this Order.

**IT IS SO ORDERED.**

Signed at _____ this \_\_\_ day of July, 2020.

_____
**U.S. District Judge Lee Yeakel**