<div align="center">

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

</div>

```
3M COMPANY,                              ) AU:20-CV-00697-LY
                                         )
    Plaintiff,                           )
                                         )
V.                                       ) AUSTIN, TEXAS
                                         )
NEXUS MEDICAL LLC, VINASIA CHE TAO LLC,  )
DOES 1-10,                               )
                                         )
    Defendant.                           ) JULY 8, 2020
```

<div align="center">

*************************************************
TRANSCRIPT OF TELEPHONE CONFERENCE
BEFORE THE HONORABLE LEE YEAKEL
*************************************************

</div>

APPEARANCES:

```
FOR THE PLAINTIFF:   MICHAEL WILLIAM O'DONNELL
                     AIMEE VIDAURRI
                     NORTON ROSE FULBRIGHT US LLP
                     111 W. HOUSTON STREET, SUITE 1800
                     SAN ANTONIO, TEXAS 78205

                     PAUL TRAHAN
                     NORTON ROSE FULBRIGHT US LLP
                     98 SAN JACINTO BOULEVARD, SUITE 1100
                     AUSTIN, TEXAS 78701

FOR THE DEFENDANT:   DAVID SCHILLER (COMPANY REPRESENTATIVE)

COURT REPORTER:      ARLINDA RODRIGUEZ, CSR
                     501 WEST 5TH STREET, SUITE 4152
                     AUSTIN, TEXAS 78701
                     (512) 391-8791
```

Proceedings recorded by computerized stenography, transcript

produced by computer.

| | | |
|---|---|---|
| 10:03:45 | 1 | (In chambers) |
| 10:03:45 | 2 | THE COURT:  Good morning.  Starting with who is on |
| 10:04:02 | 3 | the line for the plaintiff, please state your name, please. |
| 10:04:07 | 4 | MR. O'DONNELL:  Good morning.  Mike O'Donnell for the |
| 10:04:09 | 5 | plaintiff 3M. |
| 10:04:11 | 6 | THE COURT:  Anyone else? |
| 10:04:15 | 7 | MR. TRAHAN:  Paul Trahan, also for the plaintiff 3M. |
| 10:04:18 | 8 | Good morning. |
| 10:04:22 | 9 | THE COURT:  Good morning. |
| 10:04:23 | 10 | MS. VIDAURRI:  Good morning.  Aimee Vidaurri, also |
| 10:04:23 | 11 | for the plaintiff. |
| 10:04:24 | 12 | THE COURT:  All right.  And for any of the |
| 10:04:26 | 13 | defendants? |
| 10:04:30 | 14 | MR. SCHILLER:  Your Honor, David Schiller.  I'm not |
| 10:04:32 | 15 | an attorney.  I'm an officer with Nexus Medical, one of the |
| 10:04:36 | 16 | defendants.  I'm participating -- I understood that I could |
| 10:04:39 | 17 | participate on the call. |
| 10:04:40 | 18 | THE COURT:  Yes, you may participate on this call |
| 10:04:43 | 19 | because it's a preliminary thing, looking at the request for |
| 10:04:49 | 20 | temporary relief.  But you will be required to obtain counsel |
| 10:04:56 | 21 | as quickly as you can because you can't represent the LLC by |
| 10:05:02 | 22 | officer.  There's got to be a lawyer representing.  But for |
| 10:05:04 | 23 | today, because it's on a request for emergency relief, you may |
| 10:05:08 | 24 | go ahead and appear. |
| 10:05:10 | 25 | We obviously are here this morning on the plaintiff's |

| 10:05:14 | 1 | request for immediate relief in *3M Company v. Nexus Medical* |
| 10:05:22 | 2 | *LLC,* and others.  And I've gotten your announcements.  We have |
| 10:05:25 | 3 | a court reporter present, and we are making a record. |
| 10:05:28 | 4 | So I have reviewed the filings from the plaintiff in |
| 10:05:32 | 5 | this case, the lengthy exhibits, and the application for |
| 10:05:39 | 6 | temporary restraining order, temporary injunction, and motion |
| 10:05:43 | 7 | for expedited discovery. |
| 10:05:45 | 8 | Let me start initially with one of the plaintiffs.  I |
| 10:05:50 | 9 | do not want to hear advocacy at this point.  Give me a very |
| 10:05:55 | 10 | brief *Reader's Digest* version of -- and I'm mainly interested |
| 10:06:02 | 11 | right now in the request for temporary -- I mean, |
| 10:06:05 | 12 | preliminary -- pardon me -- temporary restraining order.  I'll |
| 10:06:10 | 13 | worry about your request for expedited discovery in a moment. |
| 10:06:15 | 14 | But just tell me in very few words what the facts are |
| 10:06:20 | 15 | that you think entitles you to temporary restraining order. |
| 10:06:25 | 16 | MR. O'DONNELL:  Your Honor, this is Mike O'Donnell. |
| 10:06:28 | 17 | 3M is looking to protect its brand from infringement |
| 10:06:31 | 18 | and dilution by tarnishment.  And the primary exhibits for the |
| 10:06:36 | 19 | Court to focus on are all in the declaration of William Childs. |
| 10:06:42 | 20 | And the focus there is that we have received letters from a |
| 10:06:48 | 21 | prominent law firm representing Nexus Medical that claim that |
| 10:06:52 | 22 | 3M has a contractual relationship with that company, which is |
| 10:06:56 | 23 | not true; that that company can please -- has placed and can |
| 10:07:02 | 24 | place orders for hundreds of millions of 3M N95 masks, which is |
| 10:07:09 | 25 | not true.  It's not even possible.  We have proven in the |

10:07:12  1  record that the total U.S. production is 50 million masks per

10:07:20  2  month and is being handled by FEMA and being distributed

10:07:24  3  overwhelmingly to health care workers.

10:07:27  4            And also in the evidence attached to the Childs

10:07:29  5  declaration, the defendants claim they're working together;

10:07:32  6  that they have agreed to have access to our production, which

10:07:37  7  is not true; and that they are authorized sub-distributors of

10:07:42  8  3M.  And so when we see these types of things in the

10:07:50  9  marketplace, where the orders are unfulfillable, the

10:07:52  10  contractual relationships do not excesses.

10:07:55  11            We have taken actions in many different cases to try

10:07:58  12  to protect our brand and to protect the public.  And there's

10:08:03  13  also letters that show that there's an effort, or perhaps even

10:08:08  14  it's happened, that millions or hundreds of millions of

10:08:11  15  dollars, or even billions of dollars, have been placed into

10:08:15  16  escrows for capital purchase orders with 3M that cannot be

10:08:20  17  fulfilled.

10:08:21  18            So that's the gist of what we're trying to stop, and

10:08:25  19  sort of the urgency and the irreparable harm would be the

10:08:29  20  tarnishment of our brand in a pandemic where we're trying to do

10:08:34  21  the best we can to supply our health care workers.  And we have

10:08:38  22  not increased our prices one penny, yet these defendants are

10:08:43  23  trying to offer our products for exorbitant prices: 200,

10:08:48  24  300 percent of the list price.

10:08:50  25            So that's it in a nutshell, Your Honor.

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
| 10:08:52 | 1  | THE COURT:  All right.  Mr. Schiller, do you care to     |
| 10:08:54 | 2  | respond to that?                                         |
| 10:08:56 | 3  | MR. SCHILLER:  Yes, sir, Your Honor.  First and          |
| 10:08:59 | 4  | foremost, Nexus Medical has never held itself out as a   |
| 10:09:05 | 5  | sub-distributor of 3M, and counsel knows that.  So to argue |
| 10:09:10 | 6  | that Nexus was holding themselves out as sub-distributors, he's |
| 10:09:17 | 7  | broad-brushing us with that.                             |
| 10:09:18 | 8  | Secondly, every letter that they have attached to        |
| 10:09:25 | 9  | their complaint and petition for relief were letters that were |
| 10:09:30 | 10 | sent to people holding themselves out to be brokers or agents |
| 10:09:35 | 11 | of distributors.                                         |
| 10:09:37 | 12 | Now, Nexus Medical, Your Honor -- and I've provided      |
| 10:09:41 | 13 | proof of this last Friday to Mr. O'Donnell, and I'm      |
| 10:09:45 | 14 | disappointed that he's ignored that proof, Your Honor, but |
| 10:09:49 | 15 | Nexus Medical had a contract and purchase order with Phoenix |
| 10:09:59 | 16 | Endoscopy Products LLC out of Florida.  Their attorney Craig |
| 10:10:03 | 17 | Temple was representing them.                             |
| 10:10:05 | 18 | They provided to Nexus an e-mail from 3M's customer      |
| 10:10:12 | 19 | service confirming that a 100-million unit order for 1860s has |
| 10:10:21 | 20 | been placed on April 30th of this year to Phoenix Endoscopy, |
| 10:10:29 | 21 | which matches the 100-million unit order that we had made with |
| 10:10:35 | 22 | Phoenix Endoscopy.  We were provided a 3M distributor number. |
| 10:10:40 | 23 | The e-mail that was forward back to us by their          |
| 10:10:43 | 24 | counsel, Your Honor -- and I provided this to Mr. O'Donnell -- |
| 10:10:48 | 25 | has a hyperlink.  If you click on that hyperlink, it takes you |

to 3M's distributor portal where, if you have a password and

user name, you can track your 3M order.

So if we -- if anything has happened in this case,

Your Honor, it's we've been the victim of a fraud that someone

at 3M is now claiming is not a distributor for respirators.  If

you read their pleading very carefully, Your Honor, they don't

say that Phoenix Endoscopy is not a 3M distributor.  What they

say is Phoenix Endoscopy is not a distributor who can order

respirators.  Well, that's not something that we would be able

to know and confirm.

Secondly, Your Honor, I provided proof to

Mr. O'Donnell on Friday of a signed agreement with Lovell

Government Services, LLC, who I did confirm through 3M's

hotline -- fraud hotline that they were in fact a 3M

distributor.  And we had an agreement to place orders, up to

50 million units at a time, with them.  And in the process of

reaching those agreements with Lovell Government Services, they

provided to me a letter from 3M Corporate confirming that they

were in fact a 3M distributor.

So, Your Honor, from our perspective, Nexus is a --

is a medical supply company.  We're registered with the FDA.

We have clients that were trying to purchase 3M masks.  We

fought through a chain of brokers that was fraught with fraud,

trying to find legitimate 3M distributors.  We found two, and

we reached agreements with them and then began the process of

| | | |
|---|---|---|
| 10:12:46 | 1 | trying to work with prospective buyers that met the |
| 10:12:52 | 2 | requirements of 3M and the executive order by the White House |
| 10:12:56 | 3 | that you had to be a first responder, a hospital, or a |
| 10:13:01 | 4 | government agency to be able to buy 3M masks.  And we were |
| 10:13:06 | 5 | working through the process of getting through that. |
| 10:13:10 | 6 | Now, ultimately, we've not received a single mask |
| 10:13:14 | 7 | from Phoenix Endoscopy.  When I spoke with Phoenix Endoscopy's |
| 10:13:18 | 8 | counsel two days ago, he confirmed that, as far as they know, |
| 10:13:23 | 9 | the order is still pending and they've not received anything |
| 10:13:26 | 10 | from 3M canceling the order for the 100 million masks.  But |
| 10:13:31 | 11 | they have not received a delivery date either. |
| 10:13:35 | 12 | Lovell Government Services informed me that they |
| 10:13:40 | 13 | ended up terminating their relationship with 3M.  Now, all this |
| 10:13:44 | 14 | stuff is back into May, two months ago.  Lovell Government |
| 10:13:48 | 15 | Services ultimately informed me they ended up terminating their |
| 10:13:52 | 16 | distributorship with 3M because 3M would never fulfill any of |
| 10:13:57 | 17 | the orders that were placed with them. |
| 10:13:59 | 18 | So I've got a problem with the broad-brush painting, |
| 10:14:04 | 19 | that we're out there committing some kind of fraud.  We're |
| 10:14:08 | 20 | trying to legitimately work our way through -- |
| 10:14:11 | 21 | THE COURT:  Well, Mr. Schiller, that's fine.  I'm not |
| 10:14:15 | 22 | going to get to any fraud allegations right now.  That's not |
| 10:14:18 | 23 | affecting the Court, and it's not affecting the Court's |
| 10:14:21 | 24 | reasoning. |
| 10:14:22 | 25 | For purposes of this hearing this morning, if I grant |

| | | |
|---|---|---|
| 10:14:25 | 1 | 3M any relief, it will only be in effect for 14 days, at the |
| 10:14:29 | 2 | outside, and I will need to set a hearing to follow up on it. |
| 10:14:34 | 3 | The fraud comes later down the line, whether it exists or not. |
| 10:14:40 | 4 | What we're talking about this morning is whether I ought to |
| 10:14:43 | 5 | grant the particular restraint at this time pending a hearing |
| 10:14:48 | 6 | on a request for a preliminary injunction to keep that |
| 10:14:53 | 7 | restraint in effect over the life of this case.  And it's over |
| 10:14:56 | 8 | the life of this case that we will get into the fraud |
| 10:15:00 | 9 | allegations.  And by then you will have a lawyer, and I will |
| 10:15:06 | 10 | want to take up the lawyer's argument on that. |
| 10:15:08 | 11 | So let me -- let me ask you this question:  Have you |
| 10:15:14 | 12 | had an opportunity to review the proposed order that 3M has |
| 10:15:19 | 13 | provided?  It's called Proposed Order on 3M Company's |
| 10:15:24 | 14 | Application for Temporary Restraining Order, Preliminary |
| 10:15:27 | 15 | Injunction, and Motion For Expedited Recovery.  Have you seen |
| 10:15:31 | 16 | that, or do you have it available to you? |
| 10:15:34 | 17 | MR. SCHILLER:  Your Honor, I don't know if I have it |
| 10:15:36 | 18 | available to me. |
| 10:15:40 | 19 | THE COURT:  All right.  Well, let me tell you what is |
| 10:15:41 | 20 | being asked for today -- and we're just dealing with immediate |
| 10:15:46 | 21 | relief -- is that they request the Court to enjoin defendants, |
| 10:15:51 | 22 | which includes your company, their agents, servants, employees, |
| 10:15:55 | 23 | officers, and all persons and other entities -- and entities |
| 10:15:59 | 24 | having active concert and participation with them, during the |
| 10:16:03 | 25 | pendency of this action from using the 3M trademarks and any |

| 10:16:08 | 1 | other word name, symbol, device, or combination thereof that is |
| 10:16:13 | 2 | confusingly similar to 3M marks, for, on, and/or sale of any |
| 10:16:25 | 3 | goods or services, including, without limitation, Plaintiff's |
| 10:16:27 | 4 | 3M-brand N95 respirators, and; |
| 10:16:32 | 5 | Defendants, their agents, servants, employees, |
| 10:16:34 | 6 | officers, and all persons and entities in active concert or |
| 10:16:38 | 7 | participation with it, are enjoined during the pendency of this |
| 10:16:43 | 8 | action from engaging in any false, misleading, and/or deceptive |
| 10:16:48 | 9 | conduct in connection with 3M and its products, including, |
| 10:16:52 | 10 | without limitation, representing itself -- that's the |
| 10:16:56 | 11 | independent defendant, each independent defendant -- as being |
| 10:16:59 | 12 | an authorized distributor, vendor, agent, representative, |
| 10:17:03 | 13 | retailer, and/or licensee of 3M and/or any of 3M's products, |
| 10:17:09 | 14 | including, without limitation, 3M-brand N95 respirators; |
| 10:17:14 | 15 | falsely representing to have an association or an affiliation, |
| 10:17:18 | 16 | sponsorship by, and/or in connection with, 3M and/or any of its |
| 10:17:24 | 17 | products; and falsely representing that 3M has increased the |
| 10:17:28 | 18 | prices of its 3M-brand N95 respirators. |
| 10:17:35 | 19 | I believe that I glean from what you have told me |
| 10:17:38 | 20 | this morning that you're not -- you're stating to me that |
| 10:17:41 | 21 | you're not doing any of that, that Nexus is not doing any of |
| 10:17:45 | 22 | that; is that correct? |
| 10:17:47 | 23 | MR. SCHILLER: That's correct, Your Honor, we're not. |
| 10:17:49 | 24 | The only concern I have, Your Honor, is the breadth of what you |
| 10:17:55 | 25 | just read to me could be interpreted that, if we have ongoing |

10:18:03  1  efforts to purchase for customers worldwide 3M products from 3M

10:18:10  2  distributors, that we would have to stop that.

10:18:14  3  THE COURT: No. It might --

10:18:16  4  MR. SCHILLER: That's what I want to make sure of.

10:18:19  5  THE COURT: Well, it might be construed that way.

10:18:22  6  But I don't find that to be particularly as broad as you think

10:18:26  7  it does. I think if I render an order in that regard and you

10:18:36  8  look at it carefully, it's tailored tightly enough to give 3M

10:18:42  9  what it believes is the trademark protection that it needs for

10:18:45  10  right now.

10:18:46  11  Now, bear in mind, I'm not getting into any of the

10:18:49  12  fraud issues or anything of that nature right now. And because

10:18:55  13  a preliminary -- or temporary retraining order can only last at

10:19:00  14  the outside for 14 days, anything that I do in that regard

10:19:04  15  today, at the outside, would only last until July the 22nd.

10:19:13  16  And I certainly wouldn't even attempt to run it longer than

10:19:16  17  that, and it would be my anticipation if I grant that request

10:19:19  18  to hold a hearing. It will have to be done telephonically

10:19:24  19  again, or by Zoom, because we have our courthouse pretty much

10:19:29  20  shut down right now and we're not conducting in-person hearings

10:19:32  21  in July or August, for all that matters, and I don't know what

10:19:37  22  we're going to be doing in September.

10:19:46  23  MR. SCHILLER: Sure. I understand, Your Honor. As

10:19:47  24  long as the Court -- you know, I'm fine with you making clear

10:19:50  25  that we have other 3M distributors offering to sell us product

| | | |
|---|---|---|
| 10:19:57 | 1 | to source for our clients' needs, that that's not a violation |
| 10:20:01 | 2 | of your TRO, we have no problem. |
| 10:20:07 | 3 | We had an image of a 3M 1860 mask on our website.  I |
| 10:20:12 | 4 | informed Mr. O'Donnell last Friday when I found out about their |
| 10:20:16 | 5 | concerns that I had our IT people remove that image.  And that |
| 10:20:21 | 6 | is the only public facing item that would associate Nexus with |
| 10:20:26 | 7 | 3M.  And so we're fine with that understanding. |
| 10:20:36 | 8 | The only other concern I have, Your Honor, is, in the |
| 10:20:39 | 9 | pleadings filed in this case, 3M's counsel attaches as exhibits |
| 10:20:48 | 10 | TROs and preliminary injunctions from all these other cases |
| 10:20:50 | 11 | where they've been combating fraud.  And I don't want a TRO |
| 10:20:55 | 12 | entered in this cases used in another case that would then |
| 10:21:00 | 13 | somehow smear our company's name because of what may be going |
| 10:21:05 | 14 | on in those other cases that we have nothing to do with it. |
| 10:21:09 | 15 | THE COURT:  Well, once I do anything, it's public |
| 10:21:13 | 16 | record.  And if you have a complaint about how that public |
| 10:21:17 | 17 | record is being used, you will need to take it up at that |
| 10:21:21 | 18 | particular time.  This is premature on it.  That's one of the |
| 10:21:27 | 19 | reasons why temporary restraining orders are only in effect for |
| 10:21:34 | 20 | a short period of time. |
| 10:21:39 | 21 | So here is what I'm going to do today:  I'm going to |
| 10:21:45 | 22 | grant the temporary restraining order under the basic terms and |
| 10:21:56 | 23 | conditions as suggested by 3M, and I'm going to set a hearing |
| 10:21:59 | 24 | on the request for preliminary injunction by telephone for |
| 10:22:05 | 25 | July the 22nd, 2020 at 10 am. |

And, Mr. Schiller, what you need to do is redouble your efforts on getting counsel, and have counsel contact the attorneys for 3M, primarily Mr. O'Donnell from the way this has gone today, and see if you can work out the parameters for a preliminary injunction so we don't have to have that hearing.

I can extend a temporary restraining order by its terms for one 14-day period. So if you are in negotiations and talks and you-all find, or either side finds, that July the 22nd is not convenient, I have some leeway to extend what I've done for another 14 days.

My preference would be that, between now and July 22nd, that you-all put your heads together and agree on a stand-down, a form of preliminary injunction that would stay in effect during this lawsuit, that you can live with. And I expect you-all to demean yourselves in the best possible manner, Mr. Schiller and lawyers, and if Nexus gets a lawyer or if the other defendant appears, and try to work this out. If you can't get it worked out, I have no problem with dealing with the things as they come up.

Also, I'm not going to grant the request for expedited discovery at this time because I'm setting this hearing in two weeks and I don't find that there is going to be a big reason to do a lot of things within that two-week period, because I want you to discuss whether you can reach an agreement on the production of those documents and expediting

| | | |
|---|---|---|
| 10:24:15 | 1 | discovery, if you can.  I will tell you I am likely to accept |
| 10:24:18 | 2 | your agreement because I spend most of my time dealing with the |
| 10:24:22 | 3 | disagreements by lawyers, not agreements.  So I urge you to |
| 10:24:26 | 4 | discuss what each side should have to produce before that |
| 10:24:31 | 5 | preliminary injunction hearing on July the 22nd. |
| 10:24:35 | 6 | And I'm going to order -- because I'm ordering the |
| 10:24:44 | 7 | defendants to show cause at that hearing on the 22nd why I |
| 10:24:52 | 8 | should not extend the temporary restraining order, I'm going to |
| 10:24:56 | 9 | order any response that you care to file will be on or before |
| 10:25:00 | 10 | July 20th.  That will give me at least a day between to look it |
| 10:25:05 | 11 | over before we have this hearing. |
| 10:25:12 | 12 | Mr. Schiller, what I urge you to do, as I said, is |
| 10:25:14 | 13 | obtain counsel.  That counsel should at once contact |
| 10:25:18 | 14 | Mr. O'Donnell or any of the other lawyers for 3M.  If you're |
| 10:25:24 | 15 | having trouble with counsel, you try to work out something with |
| 10:25:29 | 16 | them, but you cannot represent your client at the hearing on |
| 10:25:34 | 17 | the 22nd. |
| 10:25:36 | 18 | MR. SCHILLER:  I understand, Your Honor.  I will have |
| 10:25:40 | 19 | counsel. |
| 10:25:41 | 20 | THE COURT:  All right.  If you don't, then I will |
| 10:25:45 | 21 | extend -- I will tell you I will extend the temporary |
| 10:25:48 | 22 | restraining order on my own to give you another two weeks to |
| 10:25:52 | 23 | get counsel.  So that's the way we're going to proceed today. |
| 10:25:57 | 24 | Mr. Schiller, you understand that? |
| 10:25:59 | 25 | MR. SCHILLER:  Yes, sir, Your Honor, I do.  I |

10:26:04  1  understand.  I am meeting with counsel down in Austin later

10:26:08  2  this afternoon.  We cleared conflicts with them late yesterday

10:26:12  3  but have to work out our retainer agreement with them.  And

10:26:17  4  that's why I'm meeting with them.  So we will have counsel in

10:26:20  5  advance of your -- of the hearing set for the 22nd.  And I will

10:26:25  6  pass on the deadline for our response to them, and they will

10:26:30  7  reach out to Mr. O'Donnell and comply with your instructions.

10:26:35  8        THE COURT:  All right.  Mr. O'Donnell, Mr. Trahan,

10:26:38  9  Ms. Vidaurri, you-all understand that, too, correct?

10:26:42  10        MR. O'DONNELL:  Yes, Your Honor.

10:26:43  11        MR. TRAHAN:  Yes, Your Honor.

10:26:43  12        THE COURT:  All right.  Well, we will get an order to

10:26:45  13  that effect out.  At this point is there anything else that we

10:26:52  14  need to take up this morning while I've got you on the phone?

10:26:59  15        MR. O'DONNELL:  No, Your Honor.

10:27:01  16        THE COURT:  Mr. Schiller, anything further?

10:27:04  17        MR. SCHILLER:  No, Your Honor.  I'm sure that our

10:27:10  18  lawyers and Mr. O'Donnell will be able to work out informal

10:27:14  19  agreements on the exchange of the information and documents for

10:27:17  20  the preliminary injunction hearing.

10:27:19  21        THE COURT:  All right.  Thank you so much.  You-all

10:27:21  22  have a good day.  And if you don't get something worked out for

10:27:25  23  the short run, I look forward to talking with you again in two

10:27:28  24  weeks.

10:27:29  25        (End of transcript)

**UNITED STATES DISTRICT COURT     )**

**WESTERN DISTRICT OF TEXAS        )**

I, Arlinda Rodriguez, Official Court Reporter, United

States District Court, Western District of Texas, do certify

that the foregoing is a correct transcript from the record of

proceedings in the above-entitled matter.

I certify that the transcript fees and format comply with

those prescribed by the Court and Judicial Conference of the

United States.

WITNESS MY OFFICIAL HAND this the 13th day of July 2020.


                                    /S/ Arlinda Rodriguez
                                    Arlinda Rodriguez, Texas CSR 7753
                                    Expiration Date:  10/31/2021
                                    Official Court Reporter
                                    United States District Court
                                    Austin Division
                                    501 West 5th Street, Suite 4152
                                    Austin, Texas 78701
                                    (512) 391-8791